UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY J KAISER FAMILY FOUNDATION, d/b/a KFF, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br> Defendants. | Civil Action No. 25-2742 (DLF) |

**ANSWER[1]**

Defendants, the United States Department of Health and Human Services ("HHS"), the United States Centers for Disease Control and Prevention ("CDC"), the Centers for Medicare and Medicaid Services ("CMS"), the United States Food and Drug Administration ("FDA"), and the National Institutes of Health ("NIH") (collectively, "Defendants"), by and through undersigned counsel, hereby answer as follows to the separately numbered paragraphs and prayer for relief in the Complaint (ECF No. 1) filed by Plaintiffs Henry J Kaiser Family Foundation ("KFF") and Rachana Pradhan (collectively, "Plaintiffs") in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied by Defendants. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete

---

[1]    For ease of reference, Defendants' Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiffs, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

## RESPONSES TO NUMBERED PARAGRAPHS

1.      Paragraph 1 contains Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs bring this case against Defendants under the Freedom of Information Act ("FOIA") and deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

2.      Paragraph 2 contains Plaintiffs' characterization of this action, to which no response is required.  This paragraph also asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## PARTIES

3.      The allegations in this paragraph are Plaintiff KFF's characterizations of itself to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

4.      The allegations in this paragraph are Plaintiff Rachana Pradhan's characterizations of herself to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

5.      Defendants admit that HHS is an agency of the federal government subject to FOIA and headquartered in Washington, D.C.  The remaining allegations in this paragraph assert

conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

6.      Defendants admit that CDC is an agency of the federal government subject to FOIA and headquartered in Atlanta, Georgia.  The remaining allegations in this paragraph assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

7.      Defendants admit that CMS is an agency of the federal government subject to FOIA and headquartered in Baltimore, Maryland.  The remaining allegations in this paragraph assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

8.      Defendants admit that FDA is an agency of the federal government subject to FOIA and headquartered in Silver Spring, Maryland.  The remaining allegations in this paragraph assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

9.      Defendants admit that NIH is an agency of the federal government subject to FOIA and headquartered in Bethesda, Maryland.  The remaining allegations in this paragraph assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## JURISDICTION AND VENUE

10.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

11. This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is deemed required, venue lies in this judicial district for a proper claim under the FOIA.

## FACTS

### Plaintiffs' FOIA Requests

12. Defendants admit that Ms. Pradhan submitted FOIA requests (collectively, the "Requests") to each Defendant in March 2025.

<u>U.S. Department of Health and Human Services</u>

13. Defendants admit that Ms. Pradhan sent a FOIA request to the U.S. Department of Health and Human Services (the "HHS Request") on March 7, 2025.

14. This paragraph consists of Plaintiffs' characterization of the HHS Request, to which no response is required. Defendant HHS respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

15. This paragraph consists of Plaintiffs' characterization of the HHS Request, to which no response is required. Defendant HHS respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

16. This paragraph consists of Plaintiffs' characterization of the HHS Request, to which no response is required. Defendant HHS respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

17. Defendants admit HHS sent two emails to Ms. Pradhan on March 7, 2025, which assigned tracking number #2025-01965-FOIA-OS to her request and noted that the status of her request was updated to "Received."

18. Defendants admit that HHS sent an acknowledgement letter via email on April 7, 2025. Defendant HHS respectfully refers the Court to the April 7, 2025, email attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

19. Defendants admit that HHS sent a second letter via email on April 7, 2025, that denied Ms. Pradhan's request for expedited processing. Defendant HHS respectfully refers the Court to the April 7, 2025, email attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

20. Defendants admit that Ms. Pradhan submitted an administrative appeal to HHS on April 28, 2025, to contest the denial of expedited processing.

21. Denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

<u>U.S. Centers for Disease Control and Prevention</u>

27. Defendants admit that Ms. Pradhan sent a FOIA request to CDC on March 7, 2025 (the "CDC Request").

28. This paragraph consists of Plaintiffs' characterization of the CDC Request, to which no response is required. Defendant CDC respectfully refers the Court to the March 7, 2025,

request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

29.     This paragraph consists of Plaintiffs' characterization of the CDC Request, to which no response is required.  Defendant CDC respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

30.     This paragraph consists of Plaintiffs' characterization of the CDC Request, to which no response is required.  Defendant CDC respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

31.     Defendants admit that CDC acknowledged the CDC request by email on March 10, 2025.

32.     Defendants admit that CDC's acknowledgement letter assigned tracking number #25-00947-FOIA to the CDC Request and that CDC granted expedited processing and a fee waiver.  Defendant CDC respectfully refers the Court to the March 10, 2025, letter attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

33.     Defendants admit that Ms. Pradhan emailed Mark Harper on March 28, 2025, and that Mr. Harper replied.  The remaining allegations consist of Plaintiffs' characterization of those communications, to which no response is required.  Defendant CDC respectfully refers the Court to the March 28, 2025, email exchange attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

34.     Admitted.

35.     Admitted.

6

36.    Admitted.

37.    Admitted.

Centers for Medicare & Medicaid Services

38.    Defendants admit that Ms. Pradhan sent a FOIA request to CMS on March 7, 2025 (the "CMS Request").

39.    This paragraph consists of Plaintiffs' characterization of the CMS Request, to which no response is required.  Defendant CMS respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

40.    This paragraph consists of Plaintiffs' characterization of the CMS Request, to which no response is required.  Defendant CMS respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

41.    This paragraph consists of Plaintiffs' characterization of the CMS Request, to which no response is required.  Defendant CMS respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

42.    Defendants admit that CMS sent an acknowledgement of the CMS request by email on March 14, 2025, and that CMS assigned the CMS request control number 031420257025.

43.    Defendants admit that Ms. Pradhan emailed CMS requesting a status update on June 16, 2025.

44.    This paragraph consists of Plaintiffs' characterization of an email from CMS to Ms. Pradhan on June 17, 2025, to which no response is required.  Defendant CMS respectfully refers

7

the Court to the June 17, 2025, email attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

45.    Defendants admit that Ms. Pradhan emailed Jason Mastropaolo on June 17, 2025. The remaining allegations consist of Plaintiffs' characterization of that email, to which no response is required.  Defendant CMS respectfully refers the Court to the communication at issue for a complete and accurate statement of its contents and denies the allegations in the paragraph to the extent inconsistent with the content of that communication.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

50.    Denied.

U.S. Food and Drug Administration

51.    Defendants admit that Plaintiff submitted a FOIA request (the "FDA Request").

52.    The allegations in this paragraph consist of Plaintiff's characterization of the FDA Request, to which no response is required.  Defendant FDA respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

53.    The allegations in this paragraph consist of Plaintiff's characterization of the FDA Request, to which no response is required.  Defendant FDA respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

54. The allegations in this paragraph consist of Plaintiff's characterization of the FDA Request, to which no response is required. Defendant FDA respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

55. Defendants admit that FDA acknowledged the FOIA request by email on March 12, 2025, and assigned the request tracking number 2025-2308

56. Defendants admit that FDA sent a letter to Ms. Pradhan by email on March 20, 2025, which denied expedited processing for the FDA Request.

57. Defendants admit that Ms. Pradhan submitted a FOIA appeal on March 21, 2025. The remaining allegations consist of Plaintiff's characterization of the submission, to which no response is required. Defendant FDA respectfully refers the Court to the March 21, 2025, administrative appeal attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

58. Defendants admit that FDA acknowledged receipt of the FOIA appeal by letter on March 21, 2025. The remaining allegations consist of Plaintiff's characterization of the acknowledgement letter, to which no response is required. Defendant FDA respectfully refers the Court to the March 21, 2025, acknowledgement letter attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

59. Defendants admit that Charis Wilson sent an email to Ms. Pradhan on March 21, 2025. The remaining allegations consist of Plaintiff's characterization of the email, to which no response is required. Defendant FDA respectfully refers the Court to the March 21, 2025, email exchange attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

60.     Defendants admit that Ms. Pradhan sent an email to FDA on June 24, 2025.  The remaining allegations consist of Plaintiff's characterization of the email, to which no response is required.  Defendant FDA respectfully refers the Court to the June 24, 2025, email attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     Admitted.

65.     Denied.

<u>National Institutes of Health</u>

66.     Defendants admit that Ms. Pradhan sent a request to NIH on March 7, 2025 (the "NIH Request").

67.     This paragraph consists of Plaintiffs' characterization of the NIH Request, to which no response is required.  Defendant NIH respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

68.     This paragraph consists of Plaintiffs' characterization of the NIH Request, to which no response is required.  Defendant NIH respectfully refers the Court to the March 7, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

69.     This paragraph consists of Plaintiffs' characterization of the NIH Request, to which no response is required.  Defendant NIH respectfully refers the Court to the March 7, 2025, request

attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

70.    Defendants admit that NIH acknowledged receipt of the NIH Request and another request Ms. Pradhan had submitted by letter dated March 18, 2025.  NIH assigned tracking number 63659 to the request and denied expedited processing for the NIH request.

71.    Denied.

72.    Defendants admit that Ms. Pradhan emailed NIH on May 21, 2025.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of that email, to which no which response is required.  Defendant NIH respectfully refers the Court to the email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

73.    Admitted.

74.    Admitted.

75.    Admitted.

76.    Admitted.

77.    Denied.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA
### FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES
### (ALL DEFENDANTS)

78.    Defendants incorporate by reference the above paragraphs as though set forth fully herein.

79.    Defendants admit that they are agencies subject to the FOIA.

80.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

81.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

82.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

83.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

84.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

**COUNT II: VIOLATION OF FOIA
FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS
(ALL DEFENDANTS)**

85.    Defendants incorporate by reference the above paragraphs as though set forth fully herein.

86.    Defendants admit that they are agencies subject to FOIA.

87.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

88.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

89.    Admitted.

90.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

91. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

92. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

93. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

94. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

**COUNT III: VIOLATION OF FOIA**
**FOR FAILURE TO COMPLY WITH EXPEDITED PROCESSING**
**(DEFENDANT CDC)**

95. Defendants incorporate by reference the above paragraphs as though set forth fully herein.

96. Defendants admit that CDC is an agency subject to FOIA.

97. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

98. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

99. Admitted.

100. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

101. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

13

102.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## REQUEST FOR RELIEF

This paragraph consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

1.    Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a.

2.    The Court lacks subject matter jurisdiction over Plaintiffs' request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

3.    Defendants have exercised due diligence in responding to Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to search for and process records, if any, responsive to Plaintiffs' FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

4.    Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

5.      Defendants have not improperly withheld records requested by Plaintiffs under FOIA.

6.      Plaintiffs' requests fail to comply with the requirements of FOIA to the extent they fail to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendants to search for, review, redact, and release any responsive records.

7.      Plaintiffs are not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

8.      Plaintiffs are not entitled to declaratory relief.  5 U.S.C. § 552(a)(4)(B).

9.      Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

Dated:  September 29, 2025                         Respectfully submitted,

                                                                            JEANINE FERRIS PIRRO
                                                                            United States Attorney

                                                                            By: */s/  Mason D. Bracken*
                                                                                  MASON D. BRACKEN
                                                                                  Assistant United States Attorney
                                                                                  Civil Division
                                                                                  601 D Street, N.W.
                                                                                  Washington, D.C. 20530
                                                                                  (202) 252-2523

                                                                            *Attorneys for the United States of America*


*Of Counsel:*

ROBERT FOSTER
Acting General Counsel
U.S. Department of Health and Human Services
Chief Counsel for Food, Research, and Drugs


15